Dr. Carlos Encarnación Vega, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1165.—*Sometido:* Mayo 12, 1945. *Resuelto:* Mayo 31, 1945.

*Miguel del Toro Colberg,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Por escritura de 12 de octubre de 1944, don David René Sosa Vázquez, dueño de una finca rústica de 13 cuerdas, segregó de la misma, con el consentimiento de su esposa, una porción de terreno de 9.34 cuerdas y la vendió el Dr. Carlos Encarnación Vega, el recurrente. En la escritura se hizo constar que después de hecha dicha segregación, le quedaba al vendedor un remanente de 3.66 cuerdas, con la descripción que del mismo se hace en la cláusula sexta de la escritura.

La nota denegatoria de la inscripción se basa en que el remanente de la finca principal, después de la segregación, resulta menor de 5 cuerdas, sin que se haya acreditado que tal lotificación fuera dispensada por la Junta de Planificación, Urbanización y Zonificación, según lo prescrito por el artículo 1 del Reglamento de Lotificación, el cual lee como sigue:

"Artículo 1.—Toda lotificación (urbanización) de terrenos en Puerto Rico, tanto urbanos como rurales, se regirá por las disposiciones del presente reglamento que se conocerá como Reglamento de Lotificación. A los fines de este Reglamento se entenderá por lotificación, la división o subdivisión de un solar, predio o parcela de terreno en dos o más partes para la venta, arrendamiento, traspaso, o para una nueva construcción, incluyendo urbanización como hasta ahora se ha usado en la legislación de Puerto Rico; Disponiéndose, que quedan exentas de las disposiciones de este Reglamento aquellas divisiones y lotificaciones de fincas en la zona rural para fines agrícolas, cuando el área tanto del remanente como de cada una de las nuevas fincas resulte de cinco (5) cuerdas o mayor."

Los términos del artículo transcrito son bien claros y precisos. De acuerdo con ellos, la división de la finca de 13 cuerdas en dos parcelas, una de 9.34 cuerdas y otra, la remanente, de 3.66 cuerdas, debe ser considerada como una lotificación. Si la finca se hubiese dividido en dos parcelas de 6.50 cuerdas cada una, la lotificación estaría exenta de las disposiciones del Reglamento, porque en ese caso y de acuerdo con el disponiéndose del primer párrafo del artículo 1, supra, "tanto el área del remanente como de cada una de las nuevas fincas" tendrían más de cinco cuerdas. La lotificación en el presente caso no está exenta de las disposiciones del Reglamento, porque aun cuando el área de la nueva finca segregada es mayor de 5 cuerdas, la de la parcela remanente después de la segregación es de 3.66 cuerdas solamente.

El segundo párrafo del artículo 1, supra, dispone que cuando "el remanente o las nuevas fincas resulten, respecti-

vamente, con un área menor de cinco (5) cuerdas", la lotificación o división de una finca podrá ser dispensada expresamente de cumplir con el Reglamento, por la Junta de Planificación. Se dispone, además, que antes de inscribir esas divisiones o segregaciones, el Registrador requerirá de la parte interesada la certificación de la dispensa expedida por la Junta.

██ Sostiene el recurrente, a nuestro juicio erróneamente, que la finca de 9.34 cuerdas adquirida por él es inscribible, sin necesidad de la dispensa, porque aun cuando resulta ser una finca nueva, su cabida es mayor de 5 cuerdas; y que, por lo tanto, el recurrente no es la *parte interesada* a que se refiere el Reglamento. Se olvida el recurrente de que para que una lotificación esté exenta de las disposiciones del Reglamento y pueda ser inscrita sin la dispensa otorgada por la Junta, es necesario que el área de la finca segregada sea por lo menos de cinco cuerdas y que el área del remanente de la finca principal tampoco sea menor de cinco cuerdas.

Cuando la lotificación o segregación no está exenta de las disposiciones del Reglamento, la parte interesada, a los efectos del Registro, es aquella que acude al registro en solicitud de que la escritura por virtud de la cual se trata de llevar a efecto la lotificación sea inscrita.

*La nota recurrida debe ser confirmada.*